UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONA BRANDON,

Plaintiff,

v.

DOORDASH,

Defendant.
_______________________________/

Case No. 26-13713

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 3) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

## I. PROCEDURAL HISTORY

On September 29, 2026, Plaintiff Jona Brandon filed a complaint against Defendant DoorDash, alleging discrimination based on race/color, gender/sex and age. (ECF No. 1). On the same day, she also filed an application to proceed without prepaying fees or costs. (ECF No. 3). The court finds the application to proceed without prepaying fees and costs facially sufficient and **GRANTS** the application. For the reasons explained below, however, Plaintiff's complaint will be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

Plaintiff's complaint does not contain any allegations or causes of action, but she checks the boxes indicating that Defendant discriminated against her based on race, color, gender/sex, and age. (ECF No. 1, PageID.5). Plaintiff apparently filed a complaint with the EEOC and received a notice of right to sue letter. (ECF No. 1, PageID.10). To explain the facts of her case, the complaint refers to the letters attached thereto that Plaintiff wrote. In the first letter, Plaintiff says she worked for DoorDash for over two years in West Bloomfield, where the pay was higher. (ECF No. 1, PageID.14). Plaintiff explains that she reached "platinum status" with DoorDash in April 2025 but "was quickly demoted without explanation." (ECF No. 1, PageID.14). She says she later worked in Dearborn, but was consistently routed to Detroit for deliveries. *Id*. On September 27, 2025, after earning only $18 for a shift that

should have paid far more, she stopped driving for DoorDash. Plaintiff says she believes she was unfairly treated and discriminated against because she was repeatedly denied opportunities to deliver in higher-paying areas. *Id*. In the second letter attached to the complaint, Plaintiff further explains that when she questioned DoorDash about her demotion from platinum to gold, "they pretended they did not know what I was talking about." (ECF No. 1, PageID.16). Plaintiff says that she "realized that DoorDash was racially discriminating against me because I am African American" and that Door Dash "made me feel like I was not worthy to drop off orders in affluent areas like West Bloomfield, Dearborn and Royal Oak." *Id*.

The court finds the letters are not sufficient to state a claim for discrimination based on race, color, gender/sex, and age. First of all, nothing in Plaintiff's letters mentions gender/sex or age and these claims must fail accordingly. Second, Plaintiff's allegation that DoorDash discriminated against her because of her race/color is at best conclusory. Of course, a plaintiff "is not required to state a prima facie case to survive a Motion to Dismiss, even though it may be helpful to their case." *Whitehead v. Sterling Jewelers, Inc*., 648 F. Supp. 3d 951, 959 (W.D. Tenn. 2023) (citing *Davis v. Prison Health Servs*., 679 F.3d 433, 439-40 (6th Cir. 2012)). Instead, she

"need only satisfy the plausibility standard of *Twombly*." *Menge v. City of Highland Park*, No. 21-10152, 2022 WL 54544, at *8 (E.D. Mich. Jan. 5, 2022); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement."). Nonetheless, Plaintiff must still allege "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that DoorDash discriminated against Plaintiff because of her race/color. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted). Plaintiff does not do so here. Instead, she merely offers "'naked assertion[s]' devoid of 'further factual enhancement'" that *Twombly* and *Iqbal* prohibit. *Id*. (citations omitted). Nothing in the letters suggests that Plaintiff was discriminated against based on her race or color, other than a conclusory single sentence assertion that this was Plaintiff's belief. This is not sufficient to state a claim for discrimination. *See Wiseman v. Spectrum Healthcare Resource*, 2021 WL 4399718, at *3 (W.D. Tenn. Sept. 27, 2021) (explaining that stating a claim for race discrimination under Title VII requires a plaintiff to "plead facts which allow the court to infer that the employer's wrongful termination related to the plaintiff's race," and stating a claim for color discrimination requires that the

court "be able to ascertain that the termination occurred because of the color of the plaintiff's skin") (citations omitted); *see also Shaw v. Prologistix*, 2024 WL 2378944, at *3 (W.D. Tenn. May 23, 2024). Accordingly, the court will dismiss Plaintiff's complaint for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

**SO ORDERED.**

Date: November 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge